CENTRAL TRUST CO. OF NEW YORK v. MARIETTA & N. G. RY. CO.
(SANGES, Intervener).

(Circuit Court, N. D. Georgia. May 20, 1896.)

EQUITY PRACTICE—REFERENCE TO MASTER—REOPENING CASE.

One S. intervened in a railroad foreclosure suit, and presented a claim for damages for the death of her husband, alleged to have been caused by the negligence of the receiver of the railroad in a certain particular stated in the petition. The intervention was referred to a master, who heard the evidence, and prepared and submitted to counsel a report, finding against the intervener. S. then applied to have the case reopened, in order to set up and prove a new and different negligent act, which had been suggested in the evidence on the hearings, but was not alluded to in the pleadings as they stood, and had not been relied on by the intervener. *Held*, that the application came too late, and the master properly refused to reopen the case, or allow the amendment.

Burton Smith, for intervener.
Glenn, Slaton & Phillips, for defendant.

NEWMAN, District Judge. The question for determination in this case arises on exceptions to the report of the special master to

whom was referred the intervention of Mrs. Sue A. Sanges in the above-stated case, who sues for the value of the life of her husband, killed by the explosion of a locomotive engine in the use of the receiver of the Marietta & North Georgia Railroad. The deceased was a baggage master in the employment of the receiver, and, at the time of his death, he was in the baggage car attached to the exploding engine. As will be seen from the report of the special master, the intervener relied in her intervention, in the evidence, and the direction given to the case before the master on a defect in the metal of which the boiler of the locomotive was made. It was claimed that there was a crack in the metal, which ordinary care should have disclosed. The reply of the receiver was that the explosion was caused by the low water in the boiler; that the water was allowed to get so low as to cause the explosion by the negligence of the engineer and fireman. Under what was conceded to be the law controlling the case, the widow of the deceased could not recover for the negligence of the co-employés of the deceased.

The special master had heard evidence and argument in the case, and had taken the same for consideration, and had prepared, and, under the practice which prevails here, submitted to counsel, a draft of the report which he proposed to file, finding against the intervener. At this stage of the proceedings, counsel for the intervener came before the court, and asked that the special master be directed to hear him on a motion to reopen the case for the purpose of setting up an additional ground of negligence to that stated above. He was allowed to do so, without any directions to the master on the subject. The master declined to reopen the case, and submitted his report. It is conceded by counsel for the intervener that the evidence was such as to justify the report of the special master finding against the intervener as to the crack in the metal of which the boiler was composed being the cause of the explosion, and the court is not asked to interfere with the report on this ground.

The evidence developed the fact that there was in the boiler of the locomotive engine which exploded, as is usually the case, what is called a "fusible plug," which is a plug in the bottom of the boiler, composed of soft metal, which, when the water becomes too low, will melt, and make an opening, through which the water will be discharged on the fire below, extinguishing it, and preventing an explosion. There is evidence also (which came in incidentally) tending to show that this soft plug was not in good condition, in that it was allowed to become so hard that it failed to melt and prevent the explosion in the manner indicated. Reference was also made by the special master in his report to this nonaction of the soft plug. His reference to it, however, was casual, and it was not referred to as an alleged ground of negligence, neither had it been declared on or alluded to in the pleadings.

The contention of counsel for the intervener is that the special master should have opened the case, and have allowed him to amend so as to set up the condition of the soft plug as a ground of negligence, and that, the master having failed in this, the court should

allow him to do so now. The intervener's whole case was placed by the pleadings, the evidence, and the entire conduct of the case, until after the report of the master was prepared, on the alleged defect or crack in a part of the metal of which the boiler was made. It is too late now, under any proper practice, to set up an additional and entirely new ground of negligence. It has been held by this court that, after the master has heard evidence, argument, and taken the case for consideration, it is too late to amend· So, it will certainly be too late after the report of the special master has been prepared, and drafts of it served on counsel. The court has allowed reports to be opened (in one instance, at least, that is remembered) where, through inadvertence and oversight, as was clearly shown, counsel had failed to put in certain evidence which was material to their case,—and the master had, in his discretion, thought it was just to reopen it. But that does not affect the question here. The intervener's whole case, as it was pleaded and sought to be sustained by evidence, negatived the position which is now taken in the effort to rely on the condition of the soft plug. It was only in the case of low water that the action of the soft plug was necessary, and it was the claim of the receiver, as stated, that low water caused the explosion. It would be necessary for the intervener now to go before the master, and reverse her position, and allege that the low water in connection with the soft plug caused the explosion. But the case is really controlled by the fact that, after the master had filed his report, it was too late to amend and set up an additional and new ground of negligence, and have the case referred back to the master for further hearing on the new issue presented. Certainly, it would require very unusual and peculiar circumstances to justify such action, and nothing to authorize it exists in this case. The exceptions must be overruled, and the report confirmed.